IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Charles E. Lawson, Jr., | ) | C/A No. 0:08-3917-GRA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| B.G. Wilson, Officer Sumter County, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Charles E. Lawson, Jr. ("Lawson"), a self-represented state prisoner, filed this civil rights action pursuant to 42 U.S.C. § 1983 against the defendant Buford Wilson who, at the time of the incident at issue, was a police corporal with the City of Sumter's Police Department. Lawson seeks compensation for personal injuries he allegedly sustained during the course of his arrest by Wilson.

This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendant's motion for summary judgment. (Docket Entry 38.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Lawson of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendant's motion. (Docket Entry 41.) Lawson filed multiple responses in opposition to the defendant's motion. (Docket Entries 48, 52, 53 & 54.) The defendant filed a reply (Docket Entry 56) and Lawson filed a sur-reply (Docket Entry

Page 1 of 8

PJG

59).[1] Having considered the parties' submissions, the court concludes that the defendant's motion should be granted.

## BACKGROUND

On June 15, 2007, Defendant Wilson was dispatched to the home of Shanique Johnson ("Johnson") to investigate a domestic dispute. (Incident Report, Docket Entry 38-2.) Arriving there, Wilson found an intoxicated Lawson. (Wilson Aff., Docket Entry 38-2 at 2-3.) Johnson informed Wilson that Lawson had entered the dwelling while the residents of the apartment were trying to sleep and that Lawson had refused repeated requests to leave their home. (Id. at 2.) Having convinced Lawson to walk outside, Wilson attempted to arrest Lawson. Lawson resisted. (Id. at 3.) Wilson used physical force to place Lawson on the ground to handcuff him. Wilson did not strike or hit Lawson. (Id. at 4.) Because Lawson appeared to be grossly intoxicated and complained of neck pain, Wilson then called an ambulance for Lawson. (Id.) After various medical tests, Lawson was determined to have a small displaced fracture of the C-5, C-6, and C-7 vertebrae in his neck. (Medical Records, Docket Entry 38-4 at 8.)

---

[1] The court observes that the Local Rules contemplate a single response to an opposing party's motion and that the Local Rules are undermined by a litigant's repeated filing of numerous responses to the same motion without leave of court. Further, the Local Rules make no provision for sur-replies. Under Local Civil Rule 7.07 DSC, even "[r]eplies to responses are discouraged." The court therefore finds that Lawson's additional filings in response to the defendant's motion are not properly before the court. However, even if the court were to consider Lawson's multiple responses and sur-replies, it would not change the court's analysis of the legal issues and its recommendation to grant summary judgment.

PJG

## DISCUSSION

A.  **Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of

PJG

a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.      Excessive Force Claim**

A claim that a law enforcement officer has used excessive force during an arrest, investigatory stop, or other seizure of a person is properly analyzed under the reasonableness standard of the Fourth Amendment to the United States Constitution. Graham v. Connor, 490 U.S. 386, 395 (1989); Yarborough v. Montgomery, 554 F. Supp. 2d 611, 617 (D.S.C. 2008). The Fourth Amendment test is an objective one; however, it is not capable of precise definition or mechanical application. Graham, 490 U.S. at 396-97; Yarborough, 554 F. Supp. 2d at 617. It requires the court to determine "whether the officer['s] actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham, 490 U.S. at 397; Yarborough, 554 F. Supp. 2d at 617. The court must balance " 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the importance of the governmental interest alleged to justify the intrusion." Yarborough, 554 F. Supp. 2d at 617 (quoting Graham, 490 U.S. at 396). The test recognizes that "the right to make an arrest . . . necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." Graham, 490 U.S. at 396; Yarborough, 554 F. Supp. 2d at 617. Courts have recognized that the need for such force is greater "when the suspect is resisting arrest and refusing to comply with the instructions of the law enforcement officer." Yarborough, 554 F. Supp. 2d at 617.

The United States Supreme Court has identified several factors for courts to use in conducting the fact-specific inquiry of the Fourth Amendment's reasonableness standard. Graham, 490 U.S. at 396. "[T]he severity of the crime at issue, whether the suspect poses an immediate threat

PJG

to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight" are examples of factors that should weigh into the court's determination as to whether the force applied was excessive. Graham, 490 U.S. at 396; Yarborough, 554 F. Supp. 2d at 617-18. In making this determination, courts must make "allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." Graham, 490 U.S. at 397.

Lawson's arguments essentially rest on the *ipso facto* premise that Officer Wilson must have used excessive force since Lawson's arrest resulted in injury. However, "[w]hile the degree of injury inflicted may be evidence of the amount of force used in effecting the arrest, and thus the reasonableness of the seizure, it is never determinative of the question whether there has been a constitutional violation." Bibum v. Prince George's County, 85 F. Supp. 2d 557, 563 (D. Md. 2000). Moreover, although Lawson disputes some of the details surrounding his arrest, he has offered no credible evidence[2] to contradict the defendant's proof that Lawson was intoxicated, that he attempted to punch Officer Wilson, and that Officer Wilson did not strike Lawson. Further, the undisputed evidence shows that Officer Wilson was responding to domestic dispute at night and was informed by Shanique Johnson that Lawson had entered the dwelling while the residents were trying to sleep and refused to leave. Additionally, the plaintiff was resisting arrest. Based on the totality

---

[2] Lawson's numerous filings are neither declared, certified, verified, or stated under penalty of perjury nor properly sworn. See 28 U.S.C. § 1746 (noting that unsworn declarations can satisfy an affidavit requirement if signed under penalty of perjury). Further, even if the filings were proper declarations or affidavits, in some of Lawson's filings he admits certain facts, while in others he appears to dispute them. (Compare Docket Entry 60 at 1-2 with Docket Entry 54 at 1-2.) Lawson cannot create a triable issue of fact through contradictory affidavits or declarations. See, e.g., Hernandez v. Trawler Miss Vertie Mae, Inc., 187 F.3d 432, 438 (4th Cir. 1999).

PJG

of the circumstances, this court finds as a matter of law that the force used by Officer Wilson in light of the circumstances confronting him at the time was reasonable.

Moreover, even if the force used were excessive, Wilson would be entitled to qualified immunity. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) ("[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."). The court finds that a reasonable officer confronted with the facts presented on this record would not have known that applying force to prostrate a drunk, obstreperous suspect to handcuff him was a violation of clearly established constitutional rights. See Waterman v. Batton, 393 F.3d 471, 476-77 (4th Cir. 2005) ("Because police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving, the facts must be evaluated from the perspective of a reasonable officer at the scene, and the use of hindsight must be avoided.") (internal quotation marks and citations omitted); Pritchett v. Alford, 973 F.2d 307, 313 (4th Cir. 1992) (stating that qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law").

**C.     State Law Claims**

It appears that the only claim that Lawson raises in his Complaint is a constitutional claim. However, to the extent that Lawson's Complaint could be construed to state additional claims under state law, the court should decline to exercise supplemental jurisdiction over those claims. See 28 U.S.C. § 1367(c).

Page 6 of 8

PJG

## RECOMMENDATION

For the foregoing reasons, the court recommends that the defendant's motion for summary judgment (Docket Entry 38) be granted. In light of this recommendation, the court further recommends that all other pending motions be terminated. (Docket Entries 35, 36, & 62.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 11, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).