UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Charles E. Lawson, Jr., | C/A No.: 0:08-3917-GRA |
| Plaintiff, | |
| v. | **ORDER** (Written Opinion) |
| B.G. Wilson, Officer Sumter County, | |
| Defendant. | |

This matter comes before the Court for review of Magistrate Judge Gossett's Report and Recommendation, issued on January 11, 2010. Plaintiff filed his complaint, alleging violations of 42 U.S.C. § 1983, on December 2, 2008. The magistrate granted his motion to proceed *in forma pauperis* on December 10, 2008. After the magistrate issued her Report and Recommendation, Plaintiff filed a Motion to Continue on January 20, 2010, to file a declaration for his Response to Summary Judgment Motion. Plaintiff then filed objections to the Report and Recommendation on January 29,2010. The magistrate recommends GRANTING Defendant's Motion for Summary Judgment and terminating all other pending motions.

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S.

364, 365 (1982). A court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir.1985), *cert. denied*, 475 U.S. 1088, 106 S.Ct. 1475, 89 L.Ed.2d 729 (1986).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*. In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983).

To begin, Plaintiff filed his objections after the deadline expired for filing written objections. However, in the interest of judicial economy, this Court will address the objections Plaintiff filed. The Court reiterates that it may only consider specific objections to the Report and Recommendation. In all but one of his objections, Plaintiff merely reargues facts and discussion found in his original complaint as well as lists numerous cites to case law. The case law Plaintiff cites does nothing more than

strengthen Magistrate Judge Gossett's Report and Recommendation that found against Plaintiff.  In light of the Plaintiff's failure to assert any specific objections to the Report and Recommendation, this Court is not required to respond to his general statements because "a district judge should not have to guess what arguments an objecting party depends on when reviewing a magistrate's report." *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988).

As to Plaintiff's final objection, he argues that Defendant should not have immunity because he was "grossly negligent in his duty to control or maintain custody of plaintiff."  However, earlier in the same objection, Plaintiff argues that Defendant did not have probable cause to detain Plaintiff in the first place, let alone to maintain custody of Plaintiff.  Plaintiff cannot have it both ways.  Regardless, as the facts are presented, Defendant's conduct would not have risen to the level of gross negligence.  Plaintiff's objection is overruled.

After reviewing the record, the objections, and the Report and Recommendation this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

IT IS THEREFORE ORDERED that Defendant's motion is granted and all other pending motions are terminated.

IT IS FURTHER ORDERED that Plaintiff's motion for continuance is dismissed as moot.

**IT IS SO ORDERED.**

*signature*

G. Ross Anderson, Jr.  
Senior United States District Judge

February  3 , 2010  
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within thirty (30) days from the date of the entry of this Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.